Filed 2/4/16  P. v. Seehausen CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B265366 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA069146) |
| v. | |
| SCOTT C. SEEHAUSEN, | |
| Defendant and Appellant. | |

THE COURT[*]

Scott C. Seehausen appeals from the postjudgment order denying his petition for recall of commitment for sentence modification pursuant to Penal Code section 1170, subdivision (d).[1]

We appointed counsel to represent him on this appeal.

After examination of the record, counsel filed an "Opening Brief" in which no issues were raised.

---

[*]    BOREN, P.J.         CHAVEZ, J.         HOFFSTADT, J.

[1]    All further section references are to the Penal Code unless otherwise specified.

On October 5, 2015, we advised appellant that he had 30 days within which to submit personally any contentions or issues which he wished us to consider. Appellant has not filed a response.

In an unpublished opinion (Jun. 1, 2009, B211557),[2] this Court affirmed the judgment entered following a jury trial that resulted in appellant's conviction of first degree burglary (§ 459; count 1) and grand theft (§ 487, subd. (a); count 2). The jury found true appellant had been convicted of attempted murder (§§ 664, 187) within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The record established on July 17, 2007, appellant examined one of two diamonds Edward Antablin, a diamond dealer, presented. While Antablin was distracted, he took the second diamond from its box. Later, Antablin discovered that diamond was missing. On August 1, 2007, a jewelry store clerk identified the diamond reported stolen as the one he had appraised for appellant. Appellant was arrested the same day. The next day, appellant told Antablin he had found the diamond in his sock. That same day he paid Antablin $5,800 in cash and $100 by check for the diamond.

Appellant was sentenced to a total term of 17 years in state prison as follows: on count 1, the upper term of six years doubled to 12 years for the strike, plus the five-year prior serious felony enhancement (§667, subd. (a)); on count 2, eight months (one-third the midterm of 24 months), doubled to 16 months, stayed pursuant to section 654.

In his petition, appellant challenged his sentence on the grounds the punishment imposed was disproportionate "[c]ompared to other similarly situated offenders" "for the purpose of 'equal protection'" and involved the impermissible dual of use the same facts to enhance his sentence.

---

[2]     We take judicial notice of this opinion and our subsequent unpublished opinion (Feb. 27, 2015, B257858) in which this Court affirmed the order denying appellant's various demands and motions filed in the superior court. (Evid. Code, §§ 452, subd.(d)(1), 459.)

2

Appellant has raised no arguable issues.  We have examined the entire record and are satisfied appellant's attorney has complied fully with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order denying the petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.